Filed 9/30/15  P. v. Rapacon CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENNIE F. RAPACON, III,<br><br>    Defendant and Appellant. | A144465<br><br>(Solano County<br>Super. Ct. No. VCR 221440) |

Defendant Bennie Rapacon was arrested on July 26, 2014 and charged with felony indecent exposure with a prior conviction for the same (Pen. Code, § 314, subd. (1)) and misdemeanor engaging in lewd conduct (*id.*, § 647, subd. (a)).  It was also alleged that defendant had three prison priors within the meaning of Penal Code section 667.5.[1]

On December 1, 2014, defendant entered into a negotiated plea agreement, pursuant to which he pleaded no contest to the indecent exposure charge and admitted one of the prison priors, in exchange for a three-year prison term and dismissal of the remaining charge and special allegations.  After ensuring that defendant knowingly, intelligently, and voluntarily waived his constitutional and statutory rights and understood the consequences of the plea agreement, the court found defendant guilty on count one, found the prison prior allegation to be true, and dismissed the remaining count

---

[1] Because defendant entered into a plea agreement prior to the preliminary hearing and waived preparation of a sentencing report, the record contains no information regarding the incident(s) giving rise to defendant's arrest.

1

and allegations.  Defendant waived preparation of a sentencing report, and court sentenced him to three years in state prison, comprised of the two-year midterm on count one and one consecutive year for the prison prior.  It also imposed numerous fines and ordered defendant to register as a sex offender pursuant to Penal Code section 290.  The matter was referred to probation for calculation of presentence credits, with defendant's appearance waived for the credit hearing.

On December 15, the court awarded defendant 129 actual local time credits and 129 local conduct credits, for a total of 258 days credit for time spent in custody.

Defendant filed a timely notice of appeal.

Appointed counsel for defendant has asked this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues that require briefing.  Defendant was advised of his right to file a supplemental brief of his own, but he did not do so.  We have reviewed the record, which consists of a 30-page clerk's transcript and 10-page reporter's transcript, and find no arguable issues that require briefing.

The judgment of conviction is affirmed.

_____
Richman, Acting P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.

A144465; *P. v. Rapacon*

3